UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA MARIE MULKA,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 22-11252
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION [22],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [19],
AND GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT [20]**

Jessica Mulka applied for Social Security Disability Insurance benefits in March 2020. (ECF No. 22, PageID.1027.) She alleged that she was disabled due to connective tissue disease, degenerative disc disease, anxiety, depression, and other conditions. (ECF No. 19, PageID.980.) After her claim was denied, an Administrative Law Judge (ALJ) held a hearing and concluded that she was not disabled within the meaning of the Social Security Act. (ECF No. 13-2, PageID.62–81.) The Appeals Council denied review on April 4, 2022 (*id.* at PageID.51–53), making the ALJ's decision the final decision of the Commissioner.

Mulka then appealed to this Court. (*See* ECF No. 1.) The case was referred to Magistrate Judge Anthony P. Patti. (ECF No. 3.) In time, the parties filed cross-motions for summary judgment. (ECF Nos. 19, 20.) Magistrate Judge Patti

recommended that the Court grant the Commissioner's motion and deny Mulka's motion. (ECF No. 22.) Mulka filed two objections to the Report and Recommendation (ECF No. 23), and the Commissioner filed a response (ECF No. 24).

For the reasons that follow, the Court will overrule the objections and adopt the recommended disposition.

I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In conducting de novo review in an appeal of the ALJ's decision under the Social Security Act, the Court must affirm a finding by the ALJ if it is both supported by substantial evidence and in compliance with the procedural rules governing disability determinations. *See Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 398 (6th Cir. 2018) (citing *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)). "Substantial

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

## II.

Mulka makes two objections. (ECF No. 23.) The Court takes them in turn.

### A.

Mulka begins by arguing that the ALJ failed to sufficiently explain why she found the medical opinions of Dr. Imran—one of Mulka's physicians—unpersuasive. Specifically, she says that the "ALJ's evaluation is not sufficient and simply conclude[ed] that [Dr. Imran's] opinion was not supportable because it was based on subjective reports." (ECF No. 23, PageID.1046.) Mulka then asserts that "she sufficiently argued how this evaluation was deficient in her opening brief[.]" (*Id.* at PageID.1047.)

The Social Security Act's regulations require that an "ALJ provide a coherent explanation of [her] reasoning" so that a reviewing court can "determine whether [a claimant's] disability determination was supported by substantial evidence." *See Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021). Also under these regulations, an ALJ must "consider and articulate" how persuasive she found each medical source in the record. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b); *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (*available at* 2017 WL 168819). The regulations require an ALJ to consider five factors in her evaluation: supportability; consistency; the source's relationship with the claimant; the source's specialized area of practice; and "other

3

factors that tend to support or contradict a medical opinion." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

But the ALJ need only articulate her conclusions about the "two most important factors"—namely, supportability and consistency. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). And the regulations helpfully define those terms. Supportability means that the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "In other words, the supportability analysis focuses on the physicians' explanations of the opinions." *Vaughn v. Comm'r of Soc. Sec.*, No. 20-CV-1119, 2021 WL 3056108, at *10 (W.D. Tenn. July 20, 2021) (internal quotation marks omitted). Consistency means that the "more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

Before reaching the opinions of Dr. Imran, the ALJ walked through other evidence in the record, starting with Mulka's testimony at the hearing. The ALJ recounted Mulka's testimony that "she has difficulty with her lower extremities, as one of her legs swells and her right leg goes numb. . . . [She] has numbness and tingling in her right arm, of which results in her dropping objects. [She] also suffers from migraines and her medications cause drowsiness." (ECF No. 13-2, PageID.71.)

4

Nonetheless, Mulka testified that she was "capable of managing her personal care, grocery shopping and cooking meals with assistance." (*Id.*)

But after considering this and other evidence, the ALJ concluded that Mulka's "statements concerning the intensity, persistence, and limiting effects of her physical and mental symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at PageID.73.) In particular, she explained that Mulka sought "minimal treatment for her back impairment" and "reported excellent relief" when she complied with her pain-treatment plan. (*Id.*) And while she "has been noted for numbness in the lower extremities, tenderness in the lumbar spine, and widespread pain across all joints, [she] continued to display 5/5 strength." (*Id.*)

Then the ALJ examined Dr. Imran's opinions over numerous months of treatment and concluded that some of her opinions were persuasive while others were not. (ECF No. 13-2, PageID.74.) For example, she found Dr. Imran's opinions persuasive as to Mulka's restrictions for lifting, pushing, pulling, and sitting. (*Id.* at PageID.74–75.) But she found Dr. Imran's opinions regarding time off for medical appointments unpersuasive because "the record does not support she went to medical appointment[s] that frequently" and because, when Mulka was employed, she worked evening shifts and thus had time for medical appointments during business hours. (*Id.* at PageID.74.) And she found Dr. Imran's opinions regarding sitting, standing, and walking unpersuasive because they were "as reported by the patient" and conflicted with Mulka's own testimony at the hearing, which indicated that fewer restrictions were necessary. (*Id.*)

5

The magistrate judge found that the ALJ's conclusions were supported by substantial evidence. (ECF No. 22, PageID.1040.) The Court agrees and will overrule Mulka's objection for two reasons.

First, the objection is improper. This half-page objection mostly seeks to incorporate Mulka's motion for summary judgment by reference. (ECF No. 23, PageID.1047 ("Plaintiff sufficiently argued how [the ALJ's] evaluation was deficient in her opening brief[.]").) That incorporation by reference neither cites any particular argument that the magistrate judge failed to consider nor explains why that motion warrants a rejection of his recommendation. Again, parties are "expected to identify specific objections to a magistrate judge's opinion, rather than simply rehash the same arguments" already considered by it. *Caddell v. Campbell*, No. 1:19-CV-91, 2021 WL 2176597, at *7 (S.D. Ohio May 28, 2021) (internal quotation marks omitted). Indeed, "allowing a party 'to incorporate [her] initial motions . . . into [her] objections [would] essentially defeat[ ] the purpose of the referral in the first instance.'" *Cline v. City of Mansfield*, 745 F. Supp. 2d 773, 787–88 (N.D. Ohio 2010), *amended in part* (Jan. 27, 2011), *aff'd sub nom. Cline v. Myers*, 495 F. App'x 578 (6th Cir. 2012). So this appears to be an improper, general objection that need not be considered at all. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

But even if the objection were proper, the Court is not convinced that the magistrate judge erred. Although the ALJ did not explicitly refer to "supportability"

6

and "consistency" in her analysis of Dr. Imran's opinion, her analysis indirectly aligns with these factors. *See Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 352 (6th Cir. 2020) (concluding that an ALJ can satisfy their statutory obligations by "*indirectly* attacking the supportability of the . . . opinion or its consistency with other evidence in the record").

Recall that the supportability analysis "focuses on the physicians' explanations of the opinions." *Vaughn*, 2021 WL 3056108, at *10. The ALJ rejected some of Dr. Imran's opinions because, for example, they were based only on Mulka's subjective reports. (ECF No. 13-2, PageID.74.) By that point in her analysis, the ALJ had already explained at length why she found Mulka's subjective reports to be "not entirely consistent with the medical evidence and other evidence in the record." (ECF No. 13-2, PageID.72–73); *see also Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 527 (6th Cir. 2014) (explaining that courts are to "review[ ] the record as a whole to determine whether the ALJ's decision is supported by substantial evidence"). At another point, she rejected Dr. Imran's opinions on Mulka's need for time off for medical appointments because "the record does not support she went to medical appointment[s] that frequently" and because she had previously worked evenings, allowing her to attend medical appointments during the day. (ECF No. 13-2, PageID.74.) Finally, she noted that the opinion on Mulka's need to be absent from work was not persuasive because Dr. Imran did not "provide an explanation for this opinion, and the evidence of record does not support this level of absenteeism." (*Id.*)

7

In other words, the ALJ considered Dr. Imran's explanations of her opinions and found them wanting, which goes to supportability.

Along similar lines, the ALJ considered the consistency of Dr. Imran's opinions with the evidence from other medical and nonmedical sources. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). For reasons just explained, the ALJ had already found Mulka's subjective reports—and thus Dr. Imran's reliance on her subjective reports—to be inconsistent with other evidence in the record. And at one point she noted that Dr. Imran's opinions were inconsistent with Mulka's "own testimony" at the hearing. (ECF No. 13-2, PageID.74.) At another, the ALJ noted that Dr. Imran's opinion regarding "handling/fingering/reaching" was unpersuasive because it was "inconsistent with medical evidence showing full strength in her upper extremities and only mild findings regarding her hands." (*Id.*) In other words, the ALJ clearly considered whether Dr. Imran's opinions were consistent with other evidence of record.

In sum, Mulka failed to properly object to the report and recommendation. And even if she had made a proper objection, the Court concludes that the ALJ provided a coherent explanation of her reasons for finding some of Dr. Imran's opinions unpersuasive, that the ALJ complied with statutory requirements, and that the disability determination was supported by substantial evidence. *See Hardy*, 554 F. Supp. 3d at 906. So this objection will be overruled.

## B.

Mulka next objects that the ALJ's residual functional capacity analysis was "not supported by any medical opinions whatsoever[.]" (ECF No. 23, PageID.1047.) But, says Mulka, "a medical opinion should support the ALJ's RFC and when it does not, the ALJ must demonstrate a clear connection between their ultimate conclusion on the claimant's function and the medical evidence." (*Id.* at PageID.1048.)

RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part. 404, Subpart P, Appendix 2, § 200.00(c). The determination of the RFC is "expressly reserved for the Commissioner." *Tipton v. Comm'r of Soc. Sec.*, 847 F. App'x 290, 293 (6th Cir. 2021) (citing *Ford v. Comm'r of Soc. Sec.*, 114 F. App'x 194, 198 (6th Cir. 2004)). And the ALJ is charged with assessing a claimant's RFC "based on all of the relevant medical and other evidence" of record. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (citing 20 C.F.R. § 416.945(a)(3)). "No bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached." *See Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019). Or, as the magistrate judge aptly explained in another case, "where the Court finds that the treating physician's opinion *was properly rejected or discounted, . . .* it is not a question of requiring the ALJ to base the RFC on the rejected opinion, but rather of

9

whether the ALJ has *another basis* for assigning one[.]" *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829 (E.D. Mich. 2017) (Patti, M.J.) (emphases in original).

The Court will overrule this objection for two reasons.

One, contrary to Mulka's objection, the ALJ's RFC analysis was supported by some medical opinions. For example, the ALJ relied on "the opinion of Dr. Uzma [Imran]" when she limited Mulka to sedentary work. (ECF No. 13-2, PageID.74.) And she found the state agency consultants' opinions persuasive "to the extent it supports severe but not disabling mental limitations, which limit [her] to unskilled work." (*Id.*) She also found Dr. Imran's opinions on Mulka's ability to lift, push, and pull up to five pounds persuasive and included those limits in her RFC. (*Compare* ECF No. 13-2, PageID.70 ("[C]laimant has the residual functional capacity to . . . lift, push, and pull up to five pounds"), *with* (ECF No. 13-2, PageID.74 ("I find Dr. Imran's restrictions regarding lifting, pushing, pulling, and sitting [up to five pounds to be] persuasive.").)

Two, where the ALJ rejected medical opinions, she pointed to other evidence to support her conclusions. For example, after rejecting Dr. Imran's opinion on Mulka's sitting, standing, and walking restrictions, she referred to Mulka's own hearing testimony that she could "sit or stand up to 1 hour at a time." (ECF No. 13-2, PageID.74.) Indeed, that hearing testimony was reflected in the RFC. (*Id.* at PageID.70 ("The claimant is unable to sit and/or stand for longer than one hour at a time.").) And other times, she rejected medical opinions because they conflicted with objective medical testing. (*Id.* (rejecting Dr. Imran's opinions on

10

handling/fingering/reaching because it was "inconsistent with medical evidence showing full strength in her upper extremities and only mild findings regarding her hands.").) So the ALJ made a "connection between the evidence relied on and the conclusion reached." *See Tucker*, 775 F. App'x at 226.

The Court simply cannot agree with Mulka that the ALJ either "rejected each of the medical opinions" or that she "failed to provide such an explanation of the selected RFC[.]" (ECF No. 23, PageID.1048.) So this objection will be overruled as well.

## III.

For the reasons given, the Court ADOPTS the Magistrate Judge's report and recommendation (ECF No. 22), GRANTS the Commissioner's motion for summary judgment (ECF No. 20), and DENIES Mulka's motion for summary judgment (ECF No. 19). A separate judgment will follow.

SO ORDERED.

Dated: August 15, 2023

            s/Laurie J. Michelson
            LAURIE J. MICHELSON
            UNITED STATES DISTRICT JUDGE